# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-000257-CV

**D. K., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
NO. 42519, HONORABLE CHARLES H. VAN ORDEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  Following a bench trial, the district court terminated the parental rights of D.K. and K.K. to their two children, E.K. and S.K. D.K. appeals from the district court's order terminating his rights.[2]

At trial, Juanita Hamilton, a caseworker for Child Protective Services, testified that the case began when the Texas Department of Family and Protective Services (the Department) "received a call stating that the children would be in some sort of danger due to the drug use of [D.K. and K.K.] and domestic violence." According to Hamilton, after the children were removed from their parents' care, the Department created a service plan for D.K., which included drug

---

[1]  386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedures in appeal from termination of parental rights).

[2]  On the day of trial, K.K. executed an affidavit of relinquishment of her parental rights and is not a party to this appeal.

treatment and testing. Hamilton testified that D.K. did not successfully complete drug treatment, tested positive for methamphetamine on one occasion, and, thereafter, "would not take any random drug testing." D.K. did, however, successfully complete in-patient rehab and subsequently moved to Odessa. Since that time, Hamilton explained, D.K. has not participated in drug testing and has refused to provide her with his address. Hamilton added that D.K. has "constantly" missed scheduled visits with the children, "has not participated in any services at all since rehab," has failed to pay court-ordered child support and failed to complete court-ordered counseling, and has not provided her with "any documentation that he was employed."

Hamilton further testified that since April 2014, the children had been placed in a "foster-to-adopt home in the Austin area" and that they were "extremely bonded" with their foster parents. According to Hamilton, the Department planned for the children to be adopted by their foster parents "if we are able to get termination." Hamilton believed that the adoption was in the best interest of the children, as did Keva Weir, the Court Appointed Special Advocate for the children, who also testified at trial. After considering this and other evidence, the district court terminated D.K.'s parental rights. As specified in the order of termination, the district court found by clear and convincing evidence that termination of D.K.'s parental rights was in the best interest of the children and that D.K. had constructively abandoned the children and failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children.[3] This appeal followed.

---

[3] *See* Tex. Fam. Code § 161.001(1)(N), (O), (2).

D.K.'s court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[4] D.K. was provided with a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The order of the district court is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 21, 2015

---

[4] *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47.

3